UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Sabatini,<br><br>          Plaintiff,<br><br>v.<br><br>California Board of Registered Nursing,<br><br>          Defendants. | Case No.: 18-cv-2036-AJB-AGS<br><br>**ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND (Doc. No. 7)** |

Before the Court is Defendant California Board of Registered Nursing's motion to dismiss Plaintiff William Sabatini's motion for writ of mandamus. (Docs. No. 1, 7.) Finding there are several fatal flaws in Sabatini's writ, the Court **GRANTS** defendant's motion to dismiss. However, the Court also **GRANTS** him leave to amend, including changing his writ into a complaint.

**I. BACKGROUND**

Sabatini alleges that the California Board of Registered Nurses ("CBRN") violated his constitutional rights when they initiated delayed disciplinary proceedings against him. Sabatini agrees CBRN has a right to revoke a nursing license if a person is a threat to the public. (Doc. No. 9 at 11.) However, Sabatini argues "[i]f a person is not a threat, such as Petitioner, then Defendants are taking constitutional rights away from a U.S. citizen without Due Process as allowed under our constitution." (*Id.*) Certain issues, he argues, were before the state court, but were overlooked as "state court is not the best venue to

1

address federal issues." (*Id.*) Thus, he argues his federal claims—such as his ADA or due process concerns—were never ruled on in state court. (*Id.*)

Sabatini claims he was punished by CBRN three years after he was "rehabilitated and free of drug use." (*Id.*) He claims CBRN is abusing their power by reprimanding him after such a great delay. (*Id.* at 12.) He requests CBRN's dismissal motion be denied with leave to amend. (*Id.* at 13.)

CBRN notes the procedural posture here. Administrative disciplinary proceedings were taken against Sabatini by CBRN. (Doc. No. 7 at 8.) After a final decision was entered against Sabatini, he challenged it in San Diego County Superior Court through a Petition for Writ of Administrative Mandamus under California Code of Civil Procedure § 1094.5. (*Id.*) In that petition, CBRN notes Sabatini raised arguments under the ADA and California's Unruh Civil Rights Act. (*Id.*) The Superior Court denied Sabatini's Writ Petition "on the merits." (*Id.*) Sabatini failed to appeal. (*Id.*)

## II. LEGAL STANDARDS

A Rule 12(b)(6) motion to dismiss tests a complaint's legal sufficiency. Fed. R. Civ. P. 12(b)(6). The Court must accept the complaint's allegations as true and construe all reasonable inferences in favor of the nonmoving party, but is not required to accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a dismissal at this stage, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8(a)(2) (stating a party's pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.").

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678. It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the court, as the federal courts are courts of limited subject matter jurisdiction. *See, e.g.*, *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039–40 (9th Cir. 2003). Consequently, it is presumed that jurisdiction lies outside this court and the plaintiff bears the burden of establishing the propriety of the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### III.  DISCUSSION

CBRN argues Sabatini's complaint should be dismissed for the following reasons: (1) the Eleventh Amendment bars Sabatini's claims; (2) there is no subject matter jurisdiction; (3) Sabatini's claims are barred by res judicata; and (4) Sabatini's exclusive remedy he seeks is through a Petition for Writ of Administrative Mandamus.

**1.  Eleventh Amendment**

CBRN first asserts the Eleventh Amendment bars Sabatini's Writ. (Doc. No. 7 at 11.) The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state consents to the suit. *See Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) ("In the absence of a waiver by the state . . . under the [E]leventh [A]mendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.") (citation and internal quotation marks omitted).

Here, the Board of Registered Nursing is a California state agency. Cal. Bus. & Prof. Code § 2701; *Armstrong v. California State Correctional Inst.*, No. 1:10–cv–01856 OWW JLT, 2011 WL 773425, at *5 (E.D. Cal. Feb. 25, 2011); (Doc. No. 7 at 11). Respondent states it has not consented to this lawsuit. (Doc. No. 7 at 11–12.)

Sabatini counters that his claims under the ADA are not barred by the Eleventh

Amendment. (Doc. No. 9 at 14.) He states that "Title II creates a private cause of action for damages against States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." (*Id.*)

To this, CBRN notes that Sabatini fails to allege any Fourteenth Amendment violations, such as due process or equal protection, in his Petition. (Doc. No. 10 at 2.) Thus, even to the limited extent the ADA does waive sovereign immunity, Sabatini fails to invoke it here. (*Id.*) Sabatini concedes this point, but states if he is allowed leave to amend, he could allege a due process violation under the Fourteenth Amendment here, thus his Eleventh Amendment sovereign immunity issue would be moot.

### 2. Subject Matter Jurisdiction

Next, CBRN argues there is no subject matter jurisdiction for Sabatini's Writ of Mandamus under 28 U.S.C. § 1361. (Doc. No. 7 at 12.) This statute states that district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. By its plain language, the statute does not cover a state or state agencies. District courts have repeatedly held that they lack power to direct state agencies. *See, e.g.*, *Demos v. United States District Court for the Eastern District of Washington*, 925 F.2d 1160, 1161–62 (9th Cir. 1991), cert. denied, 498 U.S. 1123 (1991) ("to the extent that [petitioner] attempts to obtain a writ in this court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of law"); *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) ("a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought"); *Robinson v. California Board of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties") (citations omitted).

To this argument, Sabatini concedes that he cited the wrong statute giving rise to subject matter jurisdiction. (Doc. No. 9 at 18.) He requests leave to amend so that he can

4

invoke jurisdiction under 28 U.S.C. §§ 1331, 1342, 1343, and 42 U.S.C. § 1983. If Sabatini could allege § 1331, Federal Question jurisdiction, he would cure the issue as he alleges claims under the ADA, and if granted leave to amend, also under the Fourteenth Amendment.

### 3.    Res Judicata

CBRN asserts the res judicata doctrine also bars Sabatini's lawsuit. (Doc. No. 7 at 12–13.) Under California law, res judicata applies when "(1) [a] claim ... raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Boeken v. Phillip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010). Res judicata "gives conclusive effect to a final judgment rendered on the merits by a court having jurisdiction of the cause." *Schultz v. Harney*, 27 Cal. App. 4th 1611, 1619 (1994). However, the claims need not be identical in the two proceedings; instead, the same "primary right" must be at issue. *Eaton v. Siemens*, No. 2:07–cv–00315–MCE–CKD, 2012 WL 1669680, at *6 (E.D. Cal. May 11, 2012).

CBRN states res judicata applies because Sabatini "seeks to challenge the same administrative decision that he challenged in the state court writ proceeding." (Doc. No. 7 at 14.) As to the second prong, Respondent asserts that "[t]he state court entered judgment denying Petitioner's state court writ petition on May 30, 2018. Notice of Entry of Judgment was served on June, 5, 2018," and that Sabatini "failed to file an appeal." Thus, "the state court judgment is final." Finally, the parties here are identical to those in the state court proceedings.

Sabatini argues that the constitutional issues were "never actually and necessarily determined." (Doc. No. 9 at 20.) Thus, res judicata—and collateral estoppel for that matter—should not apply. (*Id.*) He alleges the lower court never considered the issues, or at least that it is unclear whether they were considered, because the brief judgment did not discuss his substantive claims. (*Id.* at 21.)

However, CBRN asserts that res judicata prevents relitigation of a final judgment on issues that were raised or could have been raised. (Doc. No. 10 at 3.) Relying on a Supreme Court case, Respondent argues that Sabatini had the required "full and fair opportunity to litigate" his constitutional claims. (*Id.*) The Supreme Court held that "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 481 (1982). As laid forth in *Kremer*, Sabatini was afforded a full and fair opportunity to litigate his claims because he was able to brief them, he was given a public hearing, and he had an opportunity for appellate review. *See, id.* at 484 ("We have no hesitation in concluding that this panoply of procedures, complemented by administrative as well as judicial review, is sufficient under the Due Process Clause.").

Sabatini insists that because the Court, in its judgment, did not discuss or analyze his constitutional claims, they were not litigated. (Doc. No. 9 at 25.) However, he provides no law to support this contention. As already stated, so long as he had an opportunity to present the issues, the Court must assume the Superior Court, in issuing its judgment, considered his arguments.

Finally, Sabatini argues that because his case has worsened since the Superior Court's decision, it is not barred. (Doc. No. 9 at 22–23.) Under Ninth Circuit law, when events occur post-lawsuit, res judicata does not bar them. *Mir v. Kirchmeyer*, Case No.: 12–cv–2340–GPC–DHB, 2016 WL 2745338, at *7 (S.D. Cal. May 11, 2016). Here, Sabatini alleges in his response a host of worsening actions that have occurred since the resolution of his prior suit. (Doc. No. 9 at 22–24.) With amendment, Sabatini can more robustly plead that these events overcome res judicata's bar.

### 4. Remedy

Finally, CBRN states that the remedy for the type of relief Sabatini is seeking is exclusively within California's Code of Civil Procedure. "Government Code section 11523 expressly states that judicial review of decisions rendered under the APA [Administrative

6

18-cv-2036-AJB-AGS

Procedure Act] be obtained exclusively under the provisions of the Code of Civil Procedure." *Board of Medical Quality Assurance v. Super. Court*, 203 Cal. App. 3d 691, 698 (1988). "[A]ll final agency decisions rendered under the APA have been, since 1945, subject to review under the provisions of section 1094.5 of the Code of Civil Procedure. . . ." *Id.*; *Temescal Water Co. v. Department of Public Works*, 44 Cal. 2d 90, 106 (1955) ("The proper remedy for reviewing the [decision] is by a writ of mandate pursuant to section 1094.5 of the Code of Civil Procedure").

Thus, Respondent argues, Sabatini's claims for declaratory or injunctive relief are improper means of "seeking review of administrative decisions" because "they seek an improper alternative route to judicial review apart from the exclusive 1094.5 remedy." (Doc. No. 7 at 15.) Sabatini responds, arguing that he is not challenging defendant's decision, but is challenging defendant's seemingly random "abrogat[ion] [of] Petitioner's rights." (Doc. No. 9 at 29.) Amendment will allow Sabatini to solidify his claims properly.

### IV. LEAVE TO AMEND

Sabatini argues that he should be given leave to amend to address the clear errors laid forth in his petition. (Doc. No. 9 at 30.) Federal Rule of Civil Procedure directs courts to "freely give leave when justice so requires." The Court believes amendment would further the interests of justice in his case. Thus, the Court **GRANTS** Sabatini leave to amend his petition to address the errors and obstacles Sabatini must overcome as discussed at oral argument and in this order.

### V. CONCLUSION

For the reasons stated herein, the Court **GRANTS** CBRN's motion to dismiss. (Doc. No. 7). The Court also **GRANTS** Sabatini leave to amend. Sabatini's First Amended Complaint is due by **March 29, 2019**.

**IT IS SO ORDERED.**

Dated: March 5, 2019

Hon. Anthony J. Battaglia
United States District Judge

8