FILED
MAR 08 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| William Sabatini,<br><br>        Plaintiff,<br><br>v.<br><br>California Board of Registered Nursing,<br><br>        Defendant. | Case No.: 18-CV-2036-AJB-AGS<br><br>**ORDER GRANTING EX PARTE MOTION TO BE RELIEVED AS COUNSEL**<br><br>(Doc. No. 11) |
|---|---|

Before the Court is Steven Riznyk's, counsel of record for Plaintiff William Sabatini, motion to be relieved as counsel. (Doc. No. 11.) Counsel stated in his motion that the relationship between the two has "broken down and at this stage is completely irreparable." (*Id.* at 2.) Both counsel and Sabatini have called into chambers repeatedly and were heard at oral argument regarding their relationship, and although at times the parties have both seemed hopeful they could work together, the Court nevertheless **GRANTS** the motion—but only after the amended complaint is filed, which is due **March 29, 2019**. (*See* Doc. No. 17.)

## I.  LEGAL STANDARD

"In California, an attorney may withdraw as counsel of record if a client's conduct renders it unreasonably difficult for the attorney to represent the client effectively." *California v. M & P Invs.*, CIV 00–2441 FCD/JFM, 2007 WL 3119666, at *1 (E.D. Cal.

1

Oct. 23, 2007) (slip copy) (citations omitted). "Moreover, California Rule of Professional Conduct 3–700(C)(f) provides that an attorney may request permission to withdraw if the client 'breaches an agreement or obligation to the member as to expenses or fees.'" *M & P*, 2007 WL 3119666, at *2 (citation omitted). Lastly, "in California, withdrawal is proper when the client's interest will not be unduly prejudiced or delayed." *M & P*, 2007 WL 3119666, at *2 (citation omitted).

## II.   DISCUSSION

It is clear to the Court that the professional relationship between the parties has broken down such that it would be difficult for counsel to represent Sabatini effectively. Although the parties, as indicated above, have had moments of hope that their relationship could be sustained, the Court finds it is in the best interest of both Sabatini and counsel that it be severed. During the hearing on this motion, both parties aired their grievances and gave specific examples of why counsel should be relieved. Due to their specific nature, the Court will not recount them here, but the Court finds that they are serious enough to warrant severance. However, counsel did indicate that he was willing to draft the amended complaint for Sabatini prior to being relieved, to prevent any prejudice to Sabatini. The Court believes counsel's sincereity in this offer. Thus, the Court will allow counsel to draft the amended complaint before ordering relief.

## III.   CONCLUSION

Because the Court finds the relationship between counsel and Sabatini is no longer effective to represent Sabatini in his lawsuit, the Court **GRANTS** counsel's motion to be relieved as counsel *after* the amended complaint is filed. (Doc. No. 11.) The Court further **ORDERS** that the motion hearing transcript and submissions of the parties related to this matter are to be **SEALED** due to their sensitive and detailed nature.

**IT IS SO ORDERED.**

Dated: 3/8/19

By: Anthony J. Battaglia
U.S. District Judge

2