UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SABATINI,<br><br>                          Plaintiff,<br>v.<br>CALIFORNIA BOARD OF REGISTERED NURSING,<br>                          Defendant. | Case No.: 18-CV-2036-AJB-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT, (Doc. No. 43);**<br><br>**(2) DENYING AS MOOT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, (Doc. No. 57);**<br><br>**(3) DENYING AS MOOT PLAINTIFF'S EX PARTE MOTION FOR AN ORDER SHORTENING TIME, (Doc. No. 59);**<br><br>**(4) SUA SPONTE STRIKING ALL DOE DEFENDANTS** |

1

Presently before the Court are: (1) Defendant California Board of Registered Nursing's ("Defendant") motion to dismiss Plaintiff William Sabatini's ("Plaintiff") Third Amended Complaint, (Doc. No. 43); (2) Plaintiff's motion for a preliminary injunction, (Doc. No. 57); and (3) Plaintiff's ex parte motion for an order shortening time, (Doc. No. 59). The Court heard oral argument on Defendant's motion to dismiss on November 14, 2019. For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss. Plaintiff's Third Amended Complaint is **DISMISSED WITHOUT LEAVE TO AMEND** and all Doe defendants are **STRICKEN** from the action. Additionally, Plaintiff's motion for a preliminary injunction and ex parte motion for an order shortening time are **DENIED AS MOOT**.

**I. BACKGROUND**

The present action relates to state administrative disciplinary proceedings by Defendant California Board of Registered Nursing against Plaintiff. On four separate occasions between January 2013 to May 2015, Plaintiff abused controlled substances while working as a registered nurse. (Third Amended Complaint ("TAC") ¶¶ 1, 23.) Defendant learned of Plaintiff's actions and began a formal investigation into Plaintiff's use of controlled substances. (*Id.* ¶ 24.) Following that investigation, Defendant filed formal accusations against Plaintiff, seeking to revoke Plaintiff's Nursing License and related Nurse Anesthetist Certificate. (*Id.*) Hearings were held by Administrative Law Judge ("ALJ") Samuel D. Reyes on the matter from February 27, 2017 through March 1, 2017. (*Id.* ¶ 25.) On April 28, 2017, ALJ Reyes issued a Proposed Decision and ordered that Plaintiff's License and Certificate be revoked. (*Id.* ¶ 29.) Then, ALJ Reyes stayed the revocations and placed Plaintiff on probation for five years. (*Id.*) On September 20, 2017, Defendant issued a Final Decision and Order. (*Id.* ¶ 32.) Defendant then ordered Plaintiff to undergo a five-year probation of his Nursing License and Certificate. (*Id.*) On November 3, 2017, Plaintiff filed for a Writ of Mandate in San Diego Superior Court against Defendant, and the San Diego Superior Court found against Plaintiff. (*Id.* ¶ 52.)

Plaintiff's probationary terms included submitting to drug tests and samples, appearing in-person at interviews, obtaining prior approval before commencing or continuing any employment as a nurse, and prohibiting Plaintiff from consuming alcohol. (Doc. No. 47 at 9.)

Plaintiff then filed a Petition for Writ of Mandamus in this Court. (Doc. No. 1.) Plaintiff alleges that Defendant's actions exceeded the probationary terms and worsened since the Final Decision and Order. (Doc. No. 47 at 9.)

## II. PROCEDURAL HISTORY

Plaintiff initiated this action by filing a Petition for Writ of Mandamus on August 30, 2018. (Doc. No. 1.) On March 7, 2019, the Court dismissed Plaintiff's Writ of Mandamus and granted Plaintiff leave to amend, including leave to change his writ into a complaint. (Doc. No. 17.) Plaintiff filed a First Amended Complaint on April 2, 2019. (Doc. No. 28.) Defendant filed a motion to dismiss the First Amended Complaint on April 19, 2019. (Doc. No. 31.) With leave of the Court, Plaintiff filed a Second Amended Complaint on May 10, 2019, and then a Third Amended Complaint on July 19, 2019. (Doc. Nos. 38, 43.) Plaintiff's Third Amended Complaint ("TAC") states only two causes of action against Defendant for: (1) discrimination under the ADA, and (2) retaliation under the ADA. (Doc. No. 43.) All other causes of actions are against Doe Defendants not yet named in the litigation. Defendant moved to dismiss Plaintiff's TAC based on the two foregoing causes of action. (Doc. No. 45.) Plaintiff opposed the motion, and Defendant responded. (Doc. Nos. 47–48.) The Court held a hearing on Defendant's motion to dismiss on November 14, 2019. Then on December 9, 2019, Plaintiff filed a motion for preliminary injunction. (Doc. No. 57.) On December 10, 2019, Plaintiff filed an ex parte motion for an order to shorten time. (Doc. No. 59.) This order follows.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests a complaint's legal sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The Court must accept the complaint's allegations as true and construe all reasonable inferences in favor of the nonmoving party but is not required to accept "legal

3

conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a dismissal at this stage, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8(a)(2) (stating a party's pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *See Iqbal*, 556 U.S. at 678. It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

## IV. DISCUSSION

### A. Requests for Judicial Notice

In ruling on a Rule 12(b)(6) motion, a court may generally consider only allegations in the complaint, exhibits attached to the complaint, and matters properly subject to judicial notice. *Swartz v. KMPG, LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Federal Rule of Evidence 201(b) permits judicial notice of a fact when it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Welk v. Beam Suntory Imp. Co.*, 124 F. Supp. 3d 1039, 1041–42 (S.D. Cal. 2015).

#### 1. Defendant's Request for Judicial Notice

Defendant requests judicial notice of several documents filed in San Diego County Superior Court, in addition to a decision issued by Defendant. (Doc. No. 45-1.) Defendant's

request is unopposed. For the following reasons, the Court **GRANTS** Defendant's request for judicial notice.

First, Defendant requests judicial notice of Exhibit 1, which is a California Board of Registered Nursing's Decision. The Court notes judicial notice may be properly taken of orders and decisions made by other administrative agencies. *See Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207, n.5 (9th Cir. 1995), *rev'd on other grounds*, 520 U.S. 548 (1997) ("Judicial notice is properly taken of orders and decisions made by other courts and administrative agencies."); *Oliva v. Cty. of Santa Clara*, No. 5:13-CV-02927-EJD, 2014 WL 3615741, at *8 (N.D. Cal. July 22, 2014) (taking judicial notice of online records from the California Department of Consumer Affairs, Board of Registered Nursing). Accordingly, the Court holds that Exhibit 1 is a proper subject for judicial notice.

Second, Defendant asks the Court to take judicial notice of Exhibits 2–6, which are court documents from San Diego Superior Court proceedings. Exhibit 2 is a Verified Petition for Writ of Administrative Mandamus which is a public record subject to judicial notice. *See Simonelli v. City of Carmel-by-the-Sea, California*, No. C 13-1250 LB, 2013 WL 3815146, at *1 (N.D. Cal. July 22, 2013) (taking judicial notice of a Petition for Writ of Administrative Mandamus).

Exhibits 3–5 are briefs filed in San Diego Superior Court. A court has authority to take judicial notice that certain proceedings occurred, but a court may not take "judicial notice of disputed facts stated in public records." *Perdue v. Rodney Corp.*, No. 13CV2712-GPC BGS, 2014 WL 3726700, at *4 (S.D. Cal. July 25, 2014). However, a federal court may "[take] judicial notice of a state court decision and the briefs filed in that court to determine if an issue was raised and decided by the state court for res judicata purposes." *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1037 (9th Cir. 2005); *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of a California Court of Appeal opinion "and the briefs filed in that proceeding and in the trial court" for the purposes of ruling on issue preclusion). Accordingly, the Court will take

5

judicial notice of Exhibits 3–5 for the purpose of determining whether res judicata bars Plaintiff's claims for relief.

Lastly, Exhibit 6 is a Notice of Entry of Judgment in San Diego Superior Court, and it is too subject to judicial notice. *See e.g.*, *Miles v. California*, 320 F.3d 986, 987 n.1 (9th Cir. 2003) (taking judicial notice of order after issuance of writ of mandate).

Accordingly, the Court **GRANTS** Defendant's request for judicial notice in its entirety.

2. **Plaintiff's Requests for Judicial Notice**

Plaintiff requests judicial notice of (1) Plaintiff's case in San Diego Superior Court, (2) numerous pages from the administrative law proceeding, (3) a "Consumer Protection Enforcement Initiative" by the California Department of Consumer Affairs, and (4) a letter reflecting the United States' investigation of the Louisiana Attorney Licensure System, pursuant to the Americans with Disabilities Act. (Doc. Nos. 43-8, 49-1, 56.)

The Court **GRANTS** Plaintiff's request for judicial notice of Plaintiff's proceedings in state court and the administrative agency proceedings. *See Simonelli*, 2013 WL 3815146, at *1. But as for the remaining documents, the Court notes that this present motion tests the adequacy of the pleadings, and Plaintiff does not identify additional relevant facts in the foregoing documents that would cure his inadequate pleading. Because the Court dismisses Plaintiff's TAC for the reasons below, the Court **DENIES AS MOOT** the remaining requests for judicial notice. *See Ward v. Cty. of Mendocino*, No. 17-CV-00911-PJH, 2018 WL 2088397, at *5 (N.D. Cal. May 4, 2018) (denying as moot request for judicial notice that did not identify further facts necessary to save the plaintiff's claims).

**B.    DEFENDANT'S MOTION TO DISMISS**

Defendant argues Plaintiff's TAC should be dismissed on two grounds. First, Defendant contends Plaintiff's second cause of action for discrimination in violation of the Americans with Disabilities Act ("ADA") is barred by the doctrine of res judicata. (Doc. No. 45 at 10.) And second, Defendant moves to dismiss Plaintiff's eighth cause of action

6

for retaliation in violation of the ADA for failure to state a claim upon which relief can be granted. (*Id.* at 14.) The Court will address each ground for dismissal in turn.

1. **Res Judicata**

Defendant contends Plaintiff's second cause of action for discrimination in violation of the ADA is barred by res judicata. (*Id.* at 10.) Specifically, Defendant argues Plaintiff's claim that Defendant violated the ADA by discriminating against him as a past drug abuser is identical to the claim raised and ruled upon by the San Diego Superior Court reviewing the Board of Registered Nursing's Final Decision. (*Id.* at 12.) The Court agrees with Defendant.

A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6). *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). Further, under 28 U.S.C. § 1738, federal courts are required to give full faith and credit to state court judgments. *See San Remo Hotel, L.P. v. City & County of S.F.*, 545 U.S. 323, 336 (2005); *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009). Res judicata, or claim preclusion, "precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction." *Rice v. Crow*, 81 Cal. App. 4th 725, 734 (2000) (internal quotation marks omitted). "Under the doctrine of res judicata, if a plaintiff prevails in an action, the cause is merged into the judgment and may not be asserted in a subsequent lawsuit." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 897 (2002). "[A] clear and predictable res judicata doctrine promotes judicial economy . . . [because it] precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief." *Id.*

The preclusive effect in federal court of a California state-court decision is determined by application of California's res judicata doctrine. *In re Russell*, 76 F.3d 242, 244 (9th Cir. 1995) ("Because the underlying judgment was rendered in state court, we must apply California's res judicata and collateral estoppel principles."). Under California law, res judicata applies if: (1) the decision in the prior proceeding is final and on the merits;

(2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding. *Busick v. Workmen's Comp. Appeals Bd.*, 7 Cal. 3d 967, 974 (1972). The Court will address each of the foregoing elements in turn.

### a) The Prior Proceeding was Final and on the Merits

Defendant contends that the state court judgment denying Plaintiff's state court writ petition was a final judgment on the merits and Plaintiff failed to file an appeal. (Doc. No. 45 at 14.) Plaintiff counters that the limitations of the writ of mandamus procedure prevent a final judgment on the merits because he was not provided an opportunity to fully litigate the ADA issue in state court. (Doc. No. 47 at 12.) In essence, Plaintiff argues res judicata should not apply because in San Diego Superior Court, he was not provided an "opportunity to submit evidence, call witnesses, subpoena documents, or take the other required actions of a full evidentiary court proceeding to prove that BRN violated Title II of the ADA." (*Id.* at 13.)

First, the Court is not convinced that Plaintiff was deprived of a full opportunity to present his claim. In fact, Plaintiff was provided with an opportunity at the Board of Registered Nursing administrative hearing to present evidence and litigate his case. For example, Plaintiff's matter was heard before an Administrative Law Judge. (Doc No. 45-2, Exhibit 1 at 1.) Plaintiff was also represented by an attorney. (*Id.*) And, as is stated in the Board of Registered Nursing Decision After Rejection, "[o]ral and documentary evidence, and evidence by oral stipulation on the record, was received at the hearing. The record was left open for the submission of closing argument." (*Id.*) Moreover, the Ninth Circuit has even held that a federal suit is barred under the doctrine of res judicata where the plaintiff does not even seek relief under a writ of mandamus in state court, but the plaintiff had an opportunity at the administrative proceedings to be "represented by counsel" and "permitted to present oral and documentary evidence and to call witnesses." *See Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994). Here, not only has Plaintiff had the opportunity to present evidence at his administrative hearing, he sought

8

review under a writ of mandamus in state court, giving Plaintiff further opportunity to present his case.[1]

Plaintiff additionally argues that res judicata should not apply because the writ of mandamus procedure in state court prevented Plaintiff from fully litigating the case. (Doc. No. 47 at 13.) Plaintiff complains he was not given the full opportunity to litigate before the state court because a hearing on a writ of mandamus is conducted solely on the record of the proceeding before the administrative agency. (*Id.*) Not only does Plaintiff overlook the fact that he was given an opportunity to present evidence in the administrative proceeding, but Plaintiff also ignores the language of the writ of mandamus procedures. Indeed, California Code of Civil Procedure § 1094.5 specifically provides a mechanism whereby a party proceeding on a writ under the section may seek to either have the case remanded to consider any new evidence, or the court may simply admit and consider the new evidence at the hearing on the writ proceeding. *See* Cal. Civ. Proc. § 1094.5(e). Here, there is no indication that Plaintiff attempted, but was denied, an opportunity to introduce new evidence during the pendency of the San Diego Superior Court proceeding. Accordingly, the Court finds that Plaintiff was not deprived of a full opportunity to present his claim. *See Trujillo v. Santa Clara Cty.*, 775 F.2d 1359, 1369 (9th Cir. 1985) (holding that under California Code of Civil Procedure § 1094.5(e), "[Plaintiff] could then have sought to introduce his evidence on the ground that it had been improperly excluded from the administrative hearing, in order to supplement the administrative record before the trial court.").

---

[1] Plaintiff's cited authority is also inapposite. Plaintiff cites to *Embury v. King*, 191 F. Supp. 2d 1071 (N.D. Cal. 2001) and *North Pacifica LLC v. City of Pacifica*, 366 F. Supp. 2d 927 (N.D. Cal. 2005) as an attempt to argue that preclusive effect should not be given to an administrative agency's finding. (Doc. No. 47 at 13.) But *Embury* and *North Pacifica* involved situations in which the plaintiffs did not even seek to have an administrative agency's decision overturned through a writ of mandamus in state court. Unlike those cases, Plaintiff here did pursue a writ of mandamus in state court, the state court reviewed the administrative record, and the state court entered a judgment against Plaintiff.

9

### b) The Present Proceeding is the Same Cause of Action as the Prior Proceeding

Next, Defendant argues that Plaintiff "seeks to challenge the same administrative decision that he challenged in the state court writ proceeding. Plaintiff challenges that administrative decision based on the same claims of discrimination (under the ADA) that he raised in the state court proceeding." (Doc. No. 45 at 12.) In opposition, Plaintiff counters that "new facts and a worsening of conditions" since the state court decision renders res judicata inapplicable. (Doc. No. 47 at 15.)

Even if a prior action was a final judgment on the merits, res judicata will not attach unless the prior state court action and the present federal action are the "same cause of action." *Eichler Homes of San Mateo, Inc. v. Super. Ct.*, 55 Cal. 2d 845, 847 (1961). California defines a "cause of action" for claim preclusion purposes by reference to the "primary right" at stake. *Boeken v. Philip Morris USA Inc.*, 48 Cal. 4th 788, 797 (2010); *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *Maldonado v. Harris*, 370 F.3d 945, 952 (9th Cir. 2004)). Under the primary rights doctrine, a "cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." *Brodheim*, 584 F.3d at 1268 (internal quotations omitted); *see also Mycogen Corp.*, 28 Cal. 4th 888 (quoting *Crowley v. Cattleman*, 8 Cal. 4th 666 (1994)). The determinative factor under the primary rights theory is the harm suffered. *Boeken*, 48 Cal. 4th at 798. "When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." *Id.* This necessitates that a party bring all claims arising out of the same cause of action in a single suit. *Mycogen*, 28 Cal. 4th at 897 ("If not brought initially, they may not be raised at a later date."); *see also Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993) ("California, as most states, recognizes that the doctrine of res judicata will bar not only those claims actually litigated in a prior proceeding, but also claims that could have been litigated.").

However, a prior judgment does not bar a subsequent action "when 'there are changed conditions and new facts which were not in existence at the time the action was filed upon which the prior judgment is based.'" *Planning & Conservation League v. Castaic Lake Water Agency*, 180 Cal. App. 4th 210, 228 (2009) (quoting *McGaffey v. Sudowitz*, 189 Cal. App. 2d 215, 218 (1961)). Nor does the doctrine of claim preclusion bar claims that arise after the initial complaint is filed. *Allied Fire Protection v. Diede Constr., Inc.*, 127 Cal. App. 4th 150 (2005). "These rights may be asserted in a supplemental pleading, but if such a pleading is not filed, a plaintiff is not foreclosed from asserting the rights in a subsequent action." *Id.*

Here, Plaintiff's grievance appears to be that Defendant's actions in carrying out the terms of the Final Decision violates Plaintiff's constitutional rights and is a violation of the ADA. (TAC ¶ 87–91.) But Plaintiff unsuccessfully challenged the terms of the Final Decision in state court. (Doc. No. 45-2 at 42.) The terms Plaintiff complains are unconstitutional as applied to Plaintiff were in fact requirements or conditions of probation explicitly part of the original Final Decision issued by Defendant. (Doc. No. 32-1 at 16–21.) For example, Plaintiff points to Defendant's drug tests of Plaintiff, travel restrictions, and order to cease practicing as unconstitutional as applied. (Doc. No. 47 at 17–20.) But again, these terms were explicitly part of Plaintiff's probation. (Doc. No. 32-1 at 16–21.) Whether Plaintiff labels the terms as "facially unconstitutional" or "unconstitutional as applied" does not make a difference. The terms of the Final Decision and its implementation concern the same "primary right" at stake, and Plaintiff has not alleged that any other rights were violated. *See Brodheim*, 584 F.3d at 1268.

Nor has Plaintiff shown changed conditions or new facts. Plaintiff points to the fact that Defendant has initiated a new administrative proceeding to revoke Plaintiff's probation and license after the state court rendered its judgment. (Doc. No. 47 at 20.) However, the possibility of a revocation of Plaintiff's probation and license is squarely within the terms of the Final Decision. The Final Decision specifically provides that Defendant may revoke Plaintiff's license should he violate any of the probation terms, after providing notice and

opportunity to be heard. (*Id.* at 19–20.) Accordingly, the Court finds that there is an identity of claims between the state proceedings and this action.

### c) The Parties in the Present Action are the Same or in Privity to the Parties in the Prior Proceeding

Lastly, in order for res judicata to apply, the party against whom the defense is asserted must have been "a party or was in privity with a party to the prior adjudication." *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1065 (1998). As Plaintiff concedes, "[p]rivity from the Superior Court decision to now is not disputed here." (Doc. No. 47 at 12.) Indeed, Plaintiff in this action was also the plaintiff in the state court proceeding. (Doc. No. 45-2 at 42.) Defendant California Board of Registered Nursing in this action was also a defendant in the state action. (*Id.*) As such, privity exists between this action and the state court proceeding.

\* \* \*

Based on the foregoing, the Court finds that all three elements for the application of res judicata are met. Accordingly, Plaintiff's second cause of action for violation of the ADA is barred by res judicata and must be **DISMISSED WITH PREJUDICE**.

### 2. Retaliation under the ADA

In Plaintiff's eighth cause of action for retaliation under the ADA, Plaintiff alleges "Defendants retaliated against Plaintiff when, after he filed a petition in San Diego Superior Court against them and filed the original complaint in this case … Defendants [] ratcheted up restrictions on Plaintiff's probation and filed a petition to revoke Plaintiff's probation and licenses, respectively." (TAC ¶ 124.) Defendant moves to dismiss on the ground that Plaintiff has not adequately pled facts showing retaliation, and cannot do so because Defendant simply revoked Plaintiff's license as a result of Plaintiff's violation of his probation. (Doc. No. 45 at 15.) The Court agrees with Defendant.

The ADA provides: "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). To establish a prima facie case of retaliation under the ADA, an employee must show that: (1) he or she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two. *Brown v. City of Tucson*, 336 F.3d 1181, 1186–87 (9th Cir. 2003).

Here, only the third requirement for causation is in dispute. (Doc. No. 48 at 4.) With regard to the proper test to determine causation, "Plaintiff acknowledges that the but-for test applies to ADA retaliation claims." (Doc. No. 47 at 23.) The but-for test "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). But Plaintiff also urges the Court to consider the causation test articulated in *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019). The Court in *Nieves* considered the issue of "whether probable cause to make an arrest defeats a claim that the arrest was in retaliation for speech protected by the First Amendment." 139 S. Ct. at 1721. The Court held that a claim for retaliatory arrest in the face of probable cause can still prevail when "a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been," even if probable cause were present. *Id.* at 1727.

Plaintiff advocates that *Nieves* should apply to this case and the proper test should allow Plaintiff to present objective evidence that he faced a punishment that other similarly situated nurses would not have faced. (Doc. No. 47 at 25.) In essence, Plaintiff attempts to analogize this case to probable cause to arrest in *Nieves* to say that legitimate grounds to revoke nursing credentials is *not* enough to defeat an ADA retaliation claim. (*Id.* at 24.) However, the Court in *Nieves* specifically stated that "probable cause should generally defeat a retaliatory arrest claim" but carved out a "narrow qualification . . . for circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so." *See Nieves*, 139 S. Ct. at 1727 (2019). Thus, given the narrow scope of the *Nieves* case, the Court chooses not to disturb the well-settled Ninth Circuit

13

authority applying the "but-for" test to determine causation for ADA retaliation claims. *See, e.g.*, *Lombardi v. Castro*, 675 F. App'x 690, 692 (9th Cir. 2017) ("The third element of a prima facie [ADA retaliation] case requires showing 'but-for causation, not the lessened causation test stated in § 2000e-2(m),' which applies to discrimination claims."). Tellingly, Plaintiff himself states that "insofar as Plaintiff is aware, no court has yet ruled on whether that articulation in *Nieves* applies to ADA and other retaliatory laws. . . ." (Doc. No. 47 at 24–25.) And the Court declines to do so today. The Court in *Nieves* was concerned with the "risk that some police officers may exploit the arrest power as a means of suppressing speech." *Nieves*, 139 S. Ct. at 1727. The Court finds this concern pertaining to police officers inapplicable to Plaintiff's case for retaliation under the ADA.

Finding that the "but-for" test applies, the Court holds Plaintiff has failed to allege plausible facts to demonstrate that but-for his filing of the petition in San Diego Superior Court against Defendant, and his complaint in this case, he would not have experienced the revocation of his probation and nursing license. The TAC itself shows that Plaintiff intentionally violated the terms of his probation, and this violation was what caused Defendant to initiate proceedings to revoke Plaintiff's license. (TAC ¶¶ 53–55.) While legitimate grounds to revoke, by itself, will not defeat an ADA retaliation claim, Plaintiff only offers conclusory allegations that "Defendants retaliated against Plaintiff" and "ratcheted up restrictions on Plaintiff's probation and filed a petition to revoke Plaintiff's probation and licenses, respectively." (*Id.* ¶ 124.) Plaintiff does not allege any additional facts demonstrating the circumstances or the plausibility of the alleged retaliation against Plaintiff. To the contrary, when pressed for specific facts, Plaintiff showed nothing more than Defendants' enforcement of the Final Order after Plaintiff *intentionally* violated his probation—a fact that Plaintiff himself admits. *See A.P. v. Cmty. Care Licensing*, No. 2:13-CV-01588 JAM AC, 2014 WL 5093422, at *4 (E.D. Cal. Oct. 9, 2014) (dismissing ADA retaliation claim based on conclusory allegations that plaintiff was retaliated against); *Doan v. San Ramon Valley Sch. Dist.*, No. C 13-03866 CRB, 2014 WL 296861, at *3 (N.D. Cal. Jan. 27, 2014) (same).

14

Accordingly, Plaintiff's claim for relief for retaliation under the ADA is **DISMISSED WITHOUT LEAVE TO AMEND**.

### 3. Doe Defendants

Of Plaintiff's eight claims for relief, Plaintiff's two causes of action addressed in this order are the only claims Plaintiff asserts against a named defendant. Plaintiff's other six claims are asserted against only Doe Defendants, which Plaintiff has failed to name. Because federal courts do not favor naming Doe Defendants in actions originating in federal court, the Court sua sponte **STRIKES** all Doe Defendants from this action. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see, e.g., Prods. & Leasing v. Hotel Conquistador, Inc.*, 573 F. Supp. 717, 725 (D. Nev. 1982) aff'd sub nom. *Prod & Leasing, Ltd. v. Hotel Conquistador, Inc.*, 709 F.2d 21 (9th Cir. 1983) ("The Ninth Circuit bars the use of 'Doe' Defendants, and such Defendants may be stricken by the Court sua sponte.").

## C. Plaintiff's Motion for Preliminary Injunction and Ex Parte Motion for an Order Shortening Time

After Defendant's motion to dismiss was fully briefed and heard by the Court, Plaintiff filed a motion for preliminary injunction, and ex parte motion for an order shortening time to hear the motion for a preliminary injunction. (Doc. Nos. 57, 59.) In brief, Plaintiff seeks to have the Court issue an order against Defendant and other individuals not named in this action, requiring that they "(1) redact [Plaintiff's] medical information and expunged conviction, (2) end the cease-practice order, and (3) prohibit them from subjecting Plaintiff to a hearing on the Petition to Revoke Probation." (Doc. No. 57 at 21.)

To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). But to the extent Plaintiff's motion for a preliminary injunction is predicated on his TAC, Plaintiff fails to demonstrate a likelihood of success on the merits because, as set forth in detail above, Plaintiff's TAC must be dismissed

15

pursuant to the doctrine of res judicata, and for failure to state a plausible claim. Additionally, and quite confusingly, Plaintiff—without leave of the Court—appears to bring entirely new claims for relief against entirely new defendants in his motion for a preliminary injunction. (Doc. No. 57 at 9.) Thus, to the extent Plaintiff seeks a preliminary injunction based on his new theories of liability, Plaintiff's motion for a preliminary injunction is also **DENIED** because it is outside the scope of the pleadings. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.").

Therefore, Plaintiff's motion for a preliminary injunction, and ex parte motion for an order shortening time are **DENIED AS MOOT**.

## V. CONCLUSION

Plaintiff has had numerous opportunities to amend his complaint to properly state his claims against Defendant and has repeatedly been unable to do so. Providing Plaintiff with yet another opportunity to amend his claims against Defendant would be futile and, therefore, Defendant's motion to dismiss Plaintiff's second and eighth causes of action is **GRANTED.** Plaintiff's TAC is **DISMISSED WITHOUT LEAVE TO AMEND**. All Doe Defendants are **STRICKEN** from the action. Additionally, because Plaintiff's TAC is dismissed, Plaintiff's motion for a preliminary injunction and ex parte motion for an order shortening time are **DENIED AS MOOT**.

The Clerk of Court is directed to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: December 12, 2019

Hon. Anthony J. Battaglia
United States District Judge